**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MIA PULLOM,** | : | **Civil Action No.** |
| **63 30th Street, Apartment 121** | : | |
| **Allentown, PA 18103** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **SPECIAL PEOPLE IN NORTHEAST,** | : | |
| **INC.,** | : | |
| **2158 Avenue C, Suite 200** | : | |
| **Bethlehem, PA 18017** | : | |
| | : | |
| **10501 Drummond Road** | : | |
| **Philadelphia, PA 19154** | : | |
| **Defendant.** | : | |

## CIVIL ACTION

Plaintiff, Mia Pullom (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Special People in Northeast, Inc. (hereinafter "Defendant"), for violations of the Family and Medical Leave Act of 1993, as amended ("FMLA"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Defendant Special People in Northeast, Inc. is a service provider for individuals with intellectual and developmental disabilities with a location at 2158 Avenue C, Suite 200, Bethlehem, PA 18017 and corporate headquarters located at 10501 Drummond Road, Philadelphia, PA 19154.

4. Defendant is an entity engaged in an industry or activity affecting commerce which employs 50 or more employees in all of its offices for each working day during each of 20 or more calendar workweeks in the current or preceding year relevant to the matter at issue.

5. At all times material hereto, Plaintiff was employed by Defendant for at least twelve hundred and fifty (1,250) hours of service during the twelve-month period prior to requiring leave.

6. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

7. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

8. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

9. The Court may properly maintain personal jurisdiction over Defendant because the

Defendant's contacts with this state and this judicial district are sufficient for the exercise

of jurisdiction and comply with traditional notions of fair play and substantial justice, thus

satisfying the standard set forth by the United States Supreme Court in <u>International Shoe</u>

<u>Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

10. The Court may exercise original subject-matter jurisdiction over the instant action pursuant

to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States

and seeks redress for violations of federal law.

11. The Court may also maintain supplemental jurisdiction over state law claims set forth

herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil

Procedure because they are sufficiently related to one or more claims within the Court's

original jurisdiction that they form part of the same case or controversy.

12. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§

1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the

Defendant is located in this judicial district and because all of the acts and/or omissions

giving rise to the claims set forth herein occurred in this judicial district.

## <u>MATERIAL FACTS</u>

13. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

14. On or about April 24, 2018, Defendant hired Plaintiff in the position of Direct Care

Health Aide.

15. Plaintiff was well qualified for her position and performed well.

16. In or around November 2024, Plaintiff applied for Intermittent Family and Medical

Leave Act ("FMLA") leave in order to provide care of her daughter who has the FMLA-

qualifying medical condition of bipolar disorder.

17. Kelsey L. Smith, PA-C, completed the Healthcare Provider Certification as part of Plaintiff's Intermittent FMLA leave request paperwork.

18. Defendant approved Plaintiff's request for Intermittent FMLA leave.

19. In or around the end of February 2025, Jordan (Last Name Unknown ("LNU")) (hereinafter "Jordan"), Scheduler asked Plaintiff if she could cover an extra shift.

20. Plaintiff informed Jordan that she could not cover the shift via text message.

21. However, shortly afterwards Laura Eck, Manager, and Janelle Shuck, Site Director, issued Plaintiff a written discipline for a no call no show for the extra shift Plaintiff had informed Jordan that she could not cover.

22. Plaintiff had not done a no call no show.

23. Plaintiff filed a grievance regarding her written discipline for the alleged no call no show.

24. On or about March 19, 2025, Plaintiff attended the hearing regarding her grievance.

25. During the hearing, Jordan apologized for placing Plaintiff on the schedule after she said that she could not cover the shift and claimed it was a miscommunication.

26. However, Defendant upheld Plaintiff's written discipline.

27. Plaintiff then filed a second grievance in order to have the written discipline dismissed.

28. On April 10, 2025, Donna LNU (hereinafter "Donna"), Human Resources, called Plaintiff and terminated her allegedly due to attendance.

29. Plaintiff asked Donna how she could be terminated for attendance when the only days that she took off were for her Intermittent FMLA leave.

30. Defendant had not issued Plaintiff any warnings or disciplines for her attendance besides the written discipline for the no call no show that she did not commit.

31. Throughout Plaintiff's employment, Defendant harassed several employees, including, but not limited to, Tara Smith, Direct Support Professional, who had applied for FMLA leave and were forced to resign as a result.

32. Defendant retaliated against Plaintiff for utilizing her rights under the FMLA in violation of the FMLA.

33. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

### COUNT I – RETALIATION
### THE FAMILY AND MEDICAL LEAVE ACT OF 1993

34. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

35. Pursuant to 29 U.S.C. § 2611(2)(A) and 29 U.S.C. § 2612(a)(1)(C), Plaintiff was eligible for leave under the FMLA.

36. At all times material, Defendant knew, or should have known, of Plaintiff's need for Intermittent FMLA Leave to care for her daughter's serious medical condition.

37. Plaintiff gave Defendant sufficient information to allow it to understand that she needed Intermittent leave for FMLA-qualifying reasons.

38. The retaliation occurred in the form of discipline and termination for utilizing her intermittent FMLA leave

39. As a result of Plaintiff's attempt to invoke her FMLA rights, by requesting and utilizing her FMLA rights, Defendant has retaliated against Plaintiff by disciplining and terminating her employment.

40. Defendant's motivation for retaliating against Plaintiff was connected causally to Plaintiff's Intermittent FMLA leave.

41. Defendant has acted in bad faith by retaliating against Plaintiff in violation of the FMLA.

42. As a direct and proximate result of Defendant's discharge of Plaintiff, Plaintiff is and was deprived of economic and non-economic benefits resulting from Defendant's willful and/or non-willful actions including but not limited to: loss of back pay, loss of increase in salary, loss of benefits preceding Plaintiff's filing of the lawsuit, cost of providing care, and double liquidated damages under the FMLA for violations not made in good faith.

43. Plaintiff demands judgment against Defendant for all available equitable relief including, but not limited to: reinstatement to job position, full restoration of all leave and health benefits, to which Plaintiff was entitled, and any additional unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

44. Plaintiff further demands favorable judgment against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under §107(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the FMLA.

**WHEREFORE**, Plaintiff requests this Honorable Court grant her the relief requested in her Prayer for Relief, *infra.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Mia Pullom, requests that the Court grant her the following relief against Defendant:

(a)     Damages for lost wages in the form of back- and front-pay;

(b)     Liquidated damages;

(c)     Reasonable attorneys' fees;

(d)     Recoverable costs;

(e)     Pre and post judgment interest;

(f)     An allowance to compensate for negative tax consequences;

(g)     A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the FMLA.

(h)     Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(i)     Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(j)     Awarding extraordinary, equitable, legal, and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## **JURY TRIAL DEMAND**

Demand is hereby made for a trial by jury as to all issues.

## **CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: December 19, 2025          **By:**  ***/s/David M. Koller***
                                         David M. Koller, Esquire
                                         Jordan D. Santo, Esquire
                                         2043 Locust Street, Suite 1B
                                         Philadelphia, PA 19103
                                         215-545-8917
                                         davidk@kollerlawfirm.com
                                         jordans@kollerlawfirm.com

                                         *Counsel for Plaintiff*